UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT REILLY LADENBURGER,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:24-CV-04059-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITIONER'S PETITION |

Petitioner Robert Reilly Ladenburger, an inmate at the South Dakota State Penitentiary, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Ladenburger is currently serving a 25-year sentence after pleading guilty to first-degree manslaughter, in violation of SDCL § 22-16-15(3).[1] In his petition, Ladenburger seeks a reduced sentence, alleging violations of his Eighth, Sixth, and Fourteenth Amendment rights. Doc. 1 at 2-4. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to

---

[1] This Court takes judicial notice of the court records in Ladenburger's state court criminal proceeding, State v. Ladenburger, Davison County 17CRI20-000532, because the state court filings are public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, this Court does not take judicial notice of any facts underlying his state proceeding. See McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) (distinguishing between judicial notice of the existence of another court's opinion and judicial notice of the facts underlying the case).

1

prepare proposed findings and recommendations for the disposition of habeas petitions.[2] Magistrate Judge Veronica L. Duffy screened the petition and issued a report and recommendation that Ladenburger's § 2254 petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Habeas Cases, which requires dismissal if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Doc. 6. Ladenburger timely filed Objections to the Report and Recommendation, Doc. 8, and thereafter filed a Motion for Preservation of Rights, Doc. 9. This Court has considered the case de novo, and for the reasons explained below, this Court overrules Ladenburger's objections and adopts the report and recommendation in full.

### I. Facts and Procedural Background

On September 9, 2020, Ladenburger was indicted for first degree manslaughter in violation of SDCL § 22-16-15(3) for causing the death of another without any design to effect death. Doc. 1-1 at 2-3. Ladenburger entered a factual basis and pleaded guilty to the charge on October 5, 2021. Id. 4-5. The state circuit court then sentenced him to a 25-year term of imprisonment. Id. Following his judgment of conviction, Ladenburger did not appeal to the Supreme Court of South Dakota. See State v. Ladenburger, Davison County, 17CRI20-000532. Ladenburger did not file a state habeas petition. Doc. 5 at 2.

In March 2024, Ladenburger filed this § 2254 petition. Doc. 1. Ladenburger does not contest the validity of his guilty plea or his conviction. Doc. 1 at 19. Rather, he challenges the constitutionality of his sentence, raising four claims: (1) The sentence imposed constitutes cruel and unusual punishment in violation of his Eighth Amendment rights; (2) the Circuit Court

---

[2] Ladenburger, perhaps unfamiliar with these rules, requested Magistrate Judge Duffy not handle any matter associated with his petition, see Doc. 5 at 3; Doc. 7, and objected to the Report and Recommendation in part because Magistrate Judge Duffy screened the petition. Doc. 8 at 1.

deprived him of his right to equal protection as guaranteed by the Fourteenth Amendment; (3) his counsel rendered ineffective assistance by failing to object to his 25-year sentence; and (4) the combination of the above deprived him of his Due Process rights under the Fourteenth Amendment. Doc. 1 at 1-4. Each of these claims stems from Ladenburger's assertion that his sentence under SDCL § 22-16-15(3), a statute criminalizing manslaughter with a maximum sentence of life imprisonment, is in direct violation of 18 U.S.C. § 1112, the federal manslaughter statute, which has a maximum sentence of 15 years.

## II. Discussion

### A. Standard of Review

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Magistrate Judge Duffy provided an extensive and well-reasoned report and recommendation addressing the claims Ladenburg raised in his petition. This Court adopts the recommendations in full and briefly addresses issues raised in Ladenburg's objections.

### B. AEDPA's Statute of Limitations

Ladenburger first objects to Magistrate Judge Duffy's recommendation that his claim be dismissed because it is time-barred. Doc. 8 at 2-5. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on a state prisoner's habeas claims submitted in federal court. 28 U.S.C. § 2244(d)(1). As relevant to Ladenburger's petition, the

3

one-year period runs from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This one-year limitation is tolled during direct appeal and while an application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2).

Ladenburger objects to Magistrate Judge Duffy's application of §§ 2244(d)(1) and (2) to his petition because he contends that those provisions only apply to "second or successive petitions." Doc. 8 at 4. Contrary to Ladenburger's assertion, §§ 2244(d)(1) and (2) apply to both an original petition and to successive petitions. Under § 2244(d)(1)(A), the statute of limitations runs from the conclusion of direct review or from when the time for seeking direct review has expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("[In the context of postconviction relief,] finality has a long-recognized, clear meaning: Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Thus, no successive petitions are required for the statute of limitations to apply. In fact, subsection (d) makes no reference to a successive application. Compare § 2244(d), with § 2244(b) (discussing finality of successive applications).

Ladenburger did not file a direct appeal, and his conviction became final on November 4, 2021—thirty days after judgment was entered. SDCL § 23A-32-15; Doc. 1-1 at 5. Ladenburger did not file any state habeas petition or seek any other collateral review of his judgment, and the limitations period was not tolled under § 2244(d)(2). Doc. 5 at 1-2. As Magistrate Judge Duffy concluded, Ladenburger's petition is untimely because it was filed nearly 17 months after the one-year limitations period ran, and Ladenburger has failed to show he exercised reasonable diligence to warrant equitable tolling of the limitation period. See Holland v. Florida, 560 U.S. 631, 649 (2010).

### C. Ladenburger's Remaining Objections

Ladenburger's remaining objections center on his assertion that manslaughter under 18 U.S.C. § 1112 "is punishable only up to 15 years." Doc. 8 at 10. Relying on this federal statute, he insists that his 25-year sentence for conviction of manslaughter under state law is "a miscarriage of justice" that should excuse exhaustion, id. at 8, that his sentence constitutes cruel and unusual punishment, id. at 8-10, and that the disparity between the federal maximum sentence and his sentence under state law violates his equal protection rights, id. at 13-15. Ladenburger also claims that his counsel's failure to object to the 25-year sentence in light of 18 U.S.C. § 1112 amounts to ineffective assistance of counsel. Id. at 10.

Ladenburger's objections conflate state and federal law. Ladenburger was indicted for, and subsequently pleaded guilty to, first-degree manslaughter in violation of SDCL § 22-16-15(3). His indictment, conviction, and sentence are not related to 18 U.S.C. § 1112, which is a separate federal law that applies only to crimes committed "[w]ithin the special maritime and territorial jurisdiction of the United States." Ladenburger argues territorial jurisdiction applies to "all 50 states" and other territories. Doc. 8 at 9. Special maritime and territorial jurisdiction is defined in 18 U.S.C. § 7. The definition expressly states the special maritime and territorial jurisdiction is "out of the jurisdiction of any particular State" where applicable. 18 U.S.C.A. § 7. Ladenburger's underlying offense occurred in Davison County, South Dakota, which is not within the scope of § 1112's jurisdictional grant. Doc. 1-1 at 1-2. As set forth in Magistrate Judge Duffy's recommendation, state law, not federal law, applies to Ladenburger's criminal conviction.

Ladenburger's objections also misstate the meaning of "clearly established Federal law" under 28 U.S.C. § 2254(d)(1). He argues that because 18 U.S.C. § 1112 is a federal statute that proscribes manslaughter and imposes a maximum sentence of 15 years, his 25-year sentence for

5

violating SDCL § 22-16-15(3) was "contrary to, or involved an unreasonable application of, clearly established law." Doc. 8 at 2 (quoting 28 U.S.C. § 2254(d)(1)). This view is mistaken. Under 28 U.S.C. § 2254, a district court shall "entertain an application for writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Because of the federal manslaughter statute's territorial distinction, the federal law Ladenburger cites does not apply to his underlying crime or state court judgment. A federal court shall not grant a writ of habeas corpus with respect to any state-court decision unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, the only applicable "clearly established Federal law" is the United States Constitution, not 18 U.S.C. § 1112 nor any treaty of the United States.

Ladenburger raises three Constitutional claims, arguing violations of his Eighth, Sixth, and Fourteenth Amendment rights. Ladenburger acknowledges that he failed to exhaust each claim as required under AEDPA but argues that exhaustion should be excused because being sentenced to more than 15 years is a fundamental miscarriage of justice. Doc. 1 at 14-15; Doc. 8 at 5-6. The "fundamental miscarriage of justice exception" allows a petitioner to pursue constitutional claims on the merits notwithstanding the existence of a procedural bar to relief if the petitioner credibly demonstrates actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Ladenburger does not assert actual innocence but argues his sentence is excessive and therefore unconstitutional. Doc. 1 at 9, 19; Doc. 10 at 3. Because Ladenburger has not credibly demonstrated actual innocence, the fundamental miscarriage of justice exception does not apply, and his claims are procedurally barred for failure to exhaust in state court. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").

Finally, even if Ladenburger had exhausted his claims, those claims would fail on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). All of Ladenburger's constitutional claims and corresponding objections rest on the flawed premise that his 25-year sentence under state law is unconstitutional because the sentence is incongruous with a similarly named federal law. This Court adopts the reasoning in Magistrate Judge Duffy's report and recommendation and finds that Ladenburger's sentence was not cruel and unusual, that his counsel was not ineffective for failing to raise an Eighth Amendment claim in light of the federal statute, and that his equal protection rights were not violated. Further, this Court dismisses Ladenburger's claim that the combination of errors warrant dismissal because none of the alleged errors were errors.

### D. Ladenburger's Motion for Preservation of Rights

Ladenburger moves this Court "to preserve [his] rights to writ of habeas corpus pursuant [to] SDCL § 21-27-1 and SDCL § 21-27-3." Neither of these statutes gives Ladenburger any rights he can seek to enforce or preserve in this § 2254 proceeding. SDCL § 21-27-1 provides for a detainee's right under state law to apply for a writ of habeas corpus, and SDCL § 21-27-3 discusses the contents of the application. Further, the Federal Rules of Civil Procedure, the District of South Dakota's Civil Local Rules of Practice, and the Rules Governing Section 2255 Proceedings for the United States District Courts do not provide for motions preserving rights. Although Ladenburger is a pro se litigant, he still must comply with the applicable rules of procedure. Soliman v. Johanns,

412 F.3d 920, 922 (8th Cir. 2005). Accordingly, his Motion for Preservation of Rights, Doc. 9, is denied.

### E. Certificate of Appealability

When, as here, a district court denies a § 2254 motion, the movant may not appeal without a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). District courts cannot issue a certificate of appealability unless the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also id. (explaining that the question when a district court denies a habeas petition on procedural grounds is whether "jurists of reason would find" the district court's procedural ruling debatable). This Court declines to issue a certificate of appealability because Ladenburger has neither made a substantial showing of the denial of a constitutional right nor shown that the procedural bars present here are debatable.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 6, is adopted in full, and Ladenburger's Objection, Doc. 8, is overruled. It is further

ORDERED that Ladenburger's Motion for Preservation of Rights, Doc. 9, is denied.

DATED this 13th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE